**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**RODNEY WHITING,**                      :

          **Petitioner**        :        **CASE NO. 3:16-CR-64-02**

    **v.**                             :        **(JUDGE MANNION)**

**UNITED STATES OF AMERICA,**        :

          **Respondent**        :

## <u>MEMORANDUM</u>

Pending before the court is petitioner Rodney Whiting's ("Whiting") Motion to Vacate, Set Aside, or Correct his 84-month sentence of imprisonment imposed on April 17, 2017. (Doc. 145). Whiting is currently serving his prison sentence at FCI Fort Dix, New Jersey. Whiting's motion is filed pursuant to <u>28 U.S.C. §2255</u> and is based upon the Supreme Court's decision in <u>United States v. Davis</u>, —— U.S. ——, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019) (holding that the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague and violated the Due Process Clause). Whiting claims that his conviction and sentence on Count 3 for a violation of 18 U.S.C. §924(c) must be vacated because his predicate offense of Hobbs Act robbery can no longer be considered a crime of violence. As relief, Whiting requests the court to vacate his conviction and sentence for a

1

violation of §924(c) arguing that it violates his due process rights based on Davis. For the following reasons, Whiting's motion, (Doc. 156), will be **DENIED**.

## I.   BACKGROUND[1]

On March 15, 2016, an Indictment was filed against Whiting and his three co-defendants, Tracy Whiting, Kwa'Shone Roane, and Kelvin Robinson, based on their alleged involvement in a robbery of the Econo Lodge in Scranton, Pennsylvania, on February 13, 2016. (Doc. 1). The Indictment charged all four defendants with the following offenses: Count 1, Conspiracy to Commit Interference with Commerce by Robbery, in violation of 18 U.S.C. §1951; Count 2, Interference with Commerce by Robbery, in violation of 18 U.S.C. §1951 ("Hobbs Act" robbery); and Count 3, Use of a Firearm During and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §924(c). Counts 2 and 3 also included Aiding and Abetting, in violation of 18 U.S.C. §2, and Pinkerton liability.

---

[1]Since the complete background of this case is stated in the motion and the briefs of the parties, it shall not be fully repeated herein. The factual background of this case is also detailed in the PSR. (Doc. 120, ¶'s 6-11).

The court notes that Whiting's three co-defendants, Tracy Whiting, Kwa'Shone Roane, and Kelvin Robinson also filed similar §2255 motions to vacate their convictions for violating §924(c) based on Davis.

On October 6, 2016, Whiting executed a written plea agreement. (Doc. 84). On October 18, 2016, Whiting pled guilty to Count 3 of the Indictment. Specifically, Count 3 charged that on February 13, 2016, Whiting and his three co-defendants, aiding and abetting each other, did knowingly use, carry, brandish and possess firearms, namely, handguns, during and in relation to, and in furtherance of, a crime of violence, that is, the interference with commerce by robbery, committed at the Econo Lodge, 1175 Kane Street, Scranton, Pennsylvania, a violation of 18 U.S.C. §1951 and §924(c)(1)(A). (Doc. 1).**[2]**

After Whiting's guilty plea, the court directed that a presentence investigation report ("PSR") be prepared. The PSR was filed on February 10, 2017. (Doc. 120).

With respect to Count 3, the plea agreement indicated that Whiting, aiding and abetting others who, during the commission of the robbery at the Econo Lodge, brandished firearms, and money ($180) was obtained from an employee of the Lodge, against the employee's will, by means of actual and threatened force, violence, and fear of injury to the employee. It was also noted that the facts were foreseeable to Whiting, who drove a rental vehicle to the robbery scene and was the "get away" driver, since he had advance

---

[2]The court notes that Whiting's three co-defendants also executed plea agreements in which they all agreed to, and did, plead guilty to Count 3, a violation of Section 924(c).

3

knowledge that his accomplices would use, possess, and carry firearms during, in relation to, and in furtherance of the robbery. The PSR indicated that Whiting admitted that his cousin, Tracy Whiting, and his friends, Kelvin Robinson and Kwa'Shon Roane came to Scranton to visit him and, that they discussed committing a robbery. Whiting then drove his cousin and their friends to the Econo Lodge and, he believed that all three men possessed firearms when they exited the vehicle. The PSR also indicated that surveillance video from the Lodge showed the robbers brandishing handguns and forcing the employee behind the counter at gunpoint and stealing money from a cash register. (PSR ¶'s 7-11).

On April 17, 2017, Whiting was sentenced to a term of imprisonment of 84 months on Count 3, followed by a 2-year term of supervised release. (Doc. 145). Whiting did not file a notice of appeal with the Third Circuit regarding his judgment of sentence.

On June 23, 2020, Whiting filed a motion, pursuant to 28 U.S.C. §2255, to vacate his conviction under §924(c) based on the Davis case. (Doc. 156). On June 24, 2020, pursuant to this court's Standing Order 19-08, Whiting was appointed counsel from the Federal Public Defender Office, pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, to represent him and to assist him with his motion to vacate predicated on the Davis case. (Doc. 159). Specifically, Whiting seeks the court to set aside his conviction and sentence

4

on Count 3 of the Indictment, for a violation of Section 924(c), alleging that his predicate offense is no longer a crime of violence.

The court directed the government to respond and, on August 20, 2020, the government timely filed its brief in opposition to Whiting's motion. (Docs. 165 & 168). On September 1, 2020, Whiting filed his reply brief. (Doc. 176).

Having been fully briefed, Whiting's motion is now ripe for review.

## II.   STANDARD

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing

thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b).

A §2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D. Pa. June 21, 2010) (citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D. Pa. Jan. 7, 2008) (quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6ᵗʰ Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D. D.C. 2013) (citation omitted).

Additionally, "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Williams v. United

<u>States</u>, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016) (internal citations omitted).

"If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate." <u>United States v. Milan</u>, 2020 WL 6682535, *2 (M.D. Pa. Nov. 12, 2020) (citing 28 U.S.C. §2255(b)).

## III. DISCUSSION

This court has jurisdiction over Whiting's motion under §2255 pursuant to 28 U.S.C. §§1331 and 2241.

In his §2255 motion, Whiting seeks to vacate his conviction under §924(c) as unconstitutional, claiming that the underlying predicate crime of Hobbs Act robbery no longer qualifies as a "crime of violence" under the rule announced by the Supreme Court in <u>Davis</u>. Since his motion was filed within one year of the date on which the <u>Davis</u> decision was issued, (June 24, 2019), it is timely. *See* <u>Milan</u>, 2020 WL 6682535, *2 ("A federal prisoner may … file a §2255 motion within one year from '[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'") (citing 28 U.S.C. §2255(f)(3)). The court also

finds no merit to the government's penultimate argument that Whiting's claim based on <u>Davis</u> is procedurally defaulted and that he could have raised this issue earlier when the case was initially charged. Whiting's instant constitutional vagueness challenge to §924(c)(3)(B) was not available to him prior to <u>Davis</u>. *See* <u>In re Matthews</u>, 934 F.3d 296 (3d Cir. 2019) (Third Circuit authorized petitioners' second or successive §2255 motions after the <u>Davis</u> case finding that they were timely and that the issue of whether "petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry."). *See also* <u>United States v. Cunningham</u>, 2020 WL 6504636 (M.D. Pa. Nov. 5, 2020) (after the <u>Davis</u> decision, the Third Circuit authorized defendant's second or successive Section 2255 motion to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. §924(c) claiming that his conviction as to this offense cannot rest on the residual clause of Section 924(c)(3)(B) since it is unconstitutionally vague).

The court will now consider the merits of Whiting's instant claim based on <u>Davis</u>.

As the court in <u>Milan</u>, 2020 WL 6682535, *2, explained:

Under Section 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C.

§924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016).

In Davis, 139 S.Ct. at 2336, the Supreme Court held that the "residual clause" of §924(c)(3)(B) was unconstitutionally vague. Thus, a predicate crime of violence may now qualify only under §924(c)(3)(A), i.e., the "elements clause." The government points to the language of the Indictment which alleged a robbery in violation of 18 U.S.C. §1951(b)(1) served as the predicate for Whiting's §924(c) conviction. According to the government, the crime of violence to which Whiting pled guilty in Count 3 was based on his role in the actual robbery at the Econo Lodge. As the government explains, (Doc. 168 at 19-20), "the plain language [of Count 3] of the indictment clearly indicates that the predicate offense for the 924(c) charge was interference with commerce by robbery (i.e. Hobbs Act robbery), in violation of 18. U.S.C. §1951, resulting from the Econo Lodge robbery incident", and that based on "the strict limitations on expanding the legal basis in a returned indictment, the only possible conclusion is that the charged predicate offense was that which was plainly stated in the indictment – an *actual* completed Hobbs Act robbery at the Econo Lodge – not conspiracy, not attempt, not aiding and

abetting, and not a Hobbs Act robbery based upon <u>Pinkerton</u> liability." (Id.). The government also points to paragraph 11 of Whiting's plea agreement, (Doc. 84), which contained a Sentencing Guidelines stipulation as to his admitted conduct regarding the robbery, and states that "the defendant stipulated and agreed that he had advance knowledge and understood that his accomplices would 'use and carry firearms during and in relation to', and would 'possess firearms in furtherance of,' a 'crime of violence,' specifically 'the interference with commerce by robbery, committed at the Econo Lodge ....'" The government further states that this paragraph, which indicates "that the predicate 'crime of violence' was a *completed* Hobbs Act robbery", was read into the record at Whiting's guilty plea hearing. (Doc. 168 at 27-28) (citing October 18, 2016 hearing, NT at 10-11).

Thus, the government contends that Whiting's conviction on Count 3 is predicated on a crime of violence under the elements clause of §924(c)(3)(A) and is not based on the residual clause.

Whiting maintains that the plain language of the Indictment for the substantive robbery offense in Count 2 and the §924(c) offense in Count 3 include aiding and abetting, as well as <u>Pinkerton</u> liability.

Further, the government states that Whiting's offense of Hobbs Act robbery, under the categorical approach, constitutes a crime of violence

under §924(c)(3)(A), since such robbery is defined by its common law definition which does not include threats to intangible personal property.

Whiting responds by arguing that while Hobbs Act robbery encompasses the common law definition of robbery, the statutory definition is broader and that property includes "intangible things of value." (citing Third Cir. Model Crim. Jury Instr. 6.18.1951-5). Whiting contends that under the categorical approach his §924(c) conviction should be construed as being based on the least culpable act alleged in Count 3, i.e., aiding and abetting Hobbs Act robbery or Pinkerton liability. Whiting also contends that since aiding and abetting Hobbs Act robbery and Pinkerton liability regarding such robbery do not categorically qualify as crimes of violence under the elements clause of §924(c), his conviction on Count 3 should be vacated based on the Davis case.

As the court in Milan, 2020 WL 6682535, *2 n. 1, noted:[3]

[F]ollowing Davis, courts use the categorical approach to determine whether an offense constitutes a crime of violence under the elements clause of Section 924(c). Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§924(c)] definition of 'crime of violence.'" United States v. Johnson, 899 F.3d 191, 203 (3d Cir. 2018) (citing United States v. Wilson, 880 F.3d 80, 83 (3d Cir. 2018)). In making this

_____

[3]Milan was decided after the parties filed their briefs in this case. *See also* Phillips v. United States, 2021 WL 134389 (M.D. Pa. Jan. 14, 2021) (this court denied petitioner's §2255 motion seeking to vacate his conviction for violating §924(c) claiming that the Hobbs Act robbery was categorically not a crime of violence under the elements clause based on the Davis case).

11

determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's ... offense, and not to the particular facts underlying the conviction." United States v. Lewis, 720 F.App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting United States v. Chapman, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.* (citing Wilson, 880 F.3d at 84).

The definition of Hobbs Act robbery, 18 U.S.C. §1951(b)(1), is:

The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Based on the facts of this case, Whiting's conviction for Hobbs Act robbery falls squarely under §924(c)(3)(A), since he, aiding and abetting his co-defendants, knowingly used, carried, and brandished firearms, in furtherance of a crime of violence, namely, the interference with commerce by robbery, when they used actual and threatened force against the Econo Lodge employee during the robbery and took the money from the Lodge. Whiting admitted that "[t]hese facts were foreseeable to [him], [and that he] had advance knowledge that his accomplices would use and carry firearms during and in relation to, and would possess firearms in furtherance of, the robbery." (Doc. 120, PSR ¶11). As such, Whiting's §924(c) conviction was based on the completed Econo Lodge robbery, the charge he pled guilty to in Count 3.

12

Additionally, during his guilty plea colloquy, Whiting clearly admitted to his participation in a completed Hobbs Act robbery, and that he knew his accomplices possessed firearms and that it was foreseeable they would use the firearms during the robbery. (*See* Doc. 168 at 28-29, citing October 18, 2016, N.T. 16-17). During the guilty plea colloquy, (Id.), the government summarized the evidence regarding the Econo Lodge robbery, and stated, in relevant part, as follows:

> On February 13, 2016, an armed robbery was committed at the Econo Lodge on Kane Street in the City of Scranton . . . . According to the hotel desk clerk, three black males entered the hotel and robbed him at gunpoint. According to the clerk, firearms were brandished by the robbers during the incident. The suspects forced the clerk behind the desk and kept asking him where . . . the hotel safe was located. The victim clerk showed the suspects where the safe was but told them that he did not have a key to open the safe. The suspects continued to threaten the victim and point firearms at him. The suspects were unable to open the safe, but were able to remove approximately $200 from the cash register at the front desk of the hotel. The suspects then fled on foot. Video surveillance from the Econo Lodge depicts the robbery and shows at least two of the suspects brandished firearms.

The government, (Id. at 29, N.T. 18-19)), further stated at the plea hearing as follows:

> Rodney Whiting [rented the vehicle and] was the driver of the rental vehicle, and he drove the vehicle to the robbery site at the Econo Lodge and served as . . . the "get-away driver," while the other three individuals entered the Econo Lodge. . . . Rodney Whiting was interviewed by Scranton Police Officers and admitted to being involved in the armed robbery. He admitted to driving the white vehicle to the Econo Lodge. And he indicated that he thought all three of his coconspirators possessed firearms when they exited the vehicle and

13

committed the robbery. Rodney later picked up the three individuals and drove them from the [robbery] scene. . . The evidence would indicate that this defendant, Rodney Whiting, had knowledge that his coconspirators possessed firearms and that it was foreseeable to him that firearms would be utilized during the commission of the offense.

When the police later searched the vehicle Whiting drove, they found four firearms, namely "a Bersa .380 caliber handgun, a High Point .380 caliber handgun, a Diamondback 9mm handgun and a Mossberg .22 caliber rifle." "Black clothing, skullcaps, ammunition, and gloves were also seized from the vehicle." (Id. at 30-31).

After hearing the underlying facts regarding Count 3 during Whiting's plea colloquy, the court and the defendant, (Id. at 31, N.T. 18), had the following exchange:

> The Court: All right, Mr. Whiting, have you listened carefully to . . . [the] summary of the facts that would be presented [at trial] and do you agree with that?
>
> Defendant Whiting: Yes, you Honor.
>
> The Court: Let me ask you more particularly [with respect to Count 3] then, on or about February 13 here in the Middle District of Pennsylvania, were you involved with others in a robbery of the Econo Lodge?
>
> Defendant Whiting: Yes, your Honor.
>
> The Court: And during that time, were. . . the people you were with, the other three individuals, were you aware of the fact that they possessed guns or firearms that they were going to use during the course of the robbery?

14

Defendant Whiting: Yes, your Honor.

The Court: Did anyone force you or coerce you in any way to be part of that robbery?

Defendant Whiting: No, your Honor.

The PSR then noted that "[Whiting] agree[d] with the offense conduct stated by the government at the guilty plea colloquy." (Doc. 120, PSR ¶15).

As the court held in Milan, 2020 WL 6682535, *4, "[g]iven the plain language of the indictment and the admissions gleaned from the record, the Court thus finds that the completed [Hobbs Act] robbery properly underlies Defendant's Section 924(c) conviction." Further, "during his guilty plea colloquy, [Whiting] admitted to all of the elements of a completed Hobbs Act robbery" at the Econo Lodge, and as the record clearly shows, he knew that firearms were going to be used during the robbery.

In their briefs, the parties stated that following Davis, the Third Circuit did not yet decide whether Hobbs Act robbery in violation of 18 U.S.C. §1951(b) qualifies as a crime of violence under the elements clause, §924(c)(3)(A). (citing United States v. David Copes, C.A. No. 19-1494). However, after the briefs were filed, the Third Circuit issued a non-precedential opinion addressing whether Hobbs Act robbery qualifies as a crime of violence for purposes of §924(c) in United States v. Monroe, --- Fed.Appx.---, 2021 WL 50161 (3d Cir. Jan. 6, 2021).

15

First, in <u>Monroe</u>, *id.* at *1, the Third Circuit held that "[a]fter <u>Davis</u>, all cases analyzed under the elements clause must apply the categorical approach." The Court then considered the defendants' (Copes and Monroe) argument that "Hobbs Act robbery is … no longer a crime of violence under 18 U.S.C. §924(c) because §924(c)(3)(B) is unconstitutionally vague", and that "their convictions under §924(c)(3) must be vacated because Hobbs Act robbery does not satisfy the elements clause." In particular, the defendants "argue that Hobbs Act robbery does not qualify as a crime of violence because Hobbs Act robbery can be committed without the 'use, attempted use, or threatened use of physical force.'" *Id.*

The Third Circuit held that "Hobbs Act robbery is still a crime of violence under the 'elements prong' of §924(c) because Hobbs Act robbery satisfies §924(c)(3)(A) using the categorical approach." *Id.* The Court explained:

> Hobbs Act robbery is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." Section 924(c)(3)(A) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

*Id.* (citation omitted).

Additionally, the government points out that several other circuits, namely, 10 circuits, have found that Hobbs Act robbery is categorically a crime of violence. (Doc. 168 at 21) (citing <u>United States v. Garcia-Ortiz</u>, 904

F.3d 102 (1st Cir. 2018); <u>United States v. Hill</u>, 890 F.3d 51 (2d Cir. 2018); <u>United States v. Mathis</u>, 932 F.3d 242, 265-66 (4th Cir. 2019); <u>United States v. Buck</u>, 847 F.3d 267, 274-75 (5th Cir. 2017); <u>United States v. Gooch</u>, 850 F.3d 285, 292 (6th Cir. 2017); <u>United States v. Fox</u>, 878 F.3d 574, 579 (7th Cir. 2017); <u>United States v. Jones</u>, 919 F.3d 1064, 1072 (8th Cir. 2019); <u>United States v. Dominguez</u>, 954 F.3d 1251, 1258-62 (9th Cir. 2020) (holding that [under the categorical approach] both Hobbs Act robbery and attempted Hobbs Act robbery are crimes of violence under §924(c) and, noting that "[a]ll of our sister circuits have considered this question too, and have held that Hobbs Act robbery is a crime of violence under the elements clause.") (string citations omitted); <u>United States v. Melgar-Cabrera</u>, 892 F.3d 1053, (10th Cir. 2018); <u>In re St. Fleur</u>, 824 F.3d 1337, 1341 (11th Cir. 2016); <u>United States v. St. Hubert</u>, 909 F.3d 335, 351-53 (11th Cir. 2018)).

Whiting, like his co-defendants, argues that Hobbs Act robbery does not qualify as a crime of violence under the elements clause since it can also be completed by taking property from another by threatening to do damage to intangible property. The defendants argue that Hobbs Act robbery is not categorically a crime of violence under the §924(c) elements clause since it is possible to commit it without the use of force when the defendant threatens to do damage to intangible property or seeks property that is not possessed

by the victim. However, in <u>Monroe</u>, 2021 WL 50161, *1-2, the Third Circuit

addressed a similar argument and held:

> Copes and Monroe argue that the least culpable conduct necessary to commit Hobbs Act robbery does not meet the 924(c)(3)(A) definition. They present various non-violent hypotheticals as alternative means of committing Hobbs Act robbery through fear of injury to intangible property: making a restauranteur hand over money by threatening to scream rat in front of customers, making a shareholder hand over a wallet by threatening to start a boycott of the company on social media, or threatening pecuniary injury. These hypotheticals misconstrue the Hobbs Act robbery definition, and they misconstrue the definition of "physical force" under Section 924(c)(3)(A).
>
> Initially, we note that the defendants' hypotheticals do not present "more than the application of legal imagination." They do not point to any cases where courts have applied Hobbs Act robbery in the manner hypothesized. Moreover, their failure to do so is not surprising. Their hypotheticals do not constitute the type of "injury" contemplated by the "fear of injury" included in Hobbs Act robbery. We have previously accepted dictionary definitions of "injure" to mean "to inflict bodily hurt on" or "[t]o do harm to, damage, or impair. To hurt or wound, as the person." We have concluded that these definitions "necessarily threaten[ ] the use of physical force." Thus, "'fear of injury' cannot occur without at least a threat of physical force" sufficient to satisfy the elements clause for the "crime of violence" definition. In addition, there is evidence that "Congress intended the 'physical force' element to be satisfied by ... fear of injury."

(internal citations and footnotes omitted).

The court finds that the recent <u>Monroe</u> case as well as the above cited

cases by the government from the ten other circuits to be persuasive and

concurs with their findings that Hobbs Act robbery is categorically a crime of

violence under the elements clause. As the government indicates, "[t]he

authority offered by the defense in support of []his proposition appear to be cases where the defendants were prosecuted for Hobbs Act *extortion*, rather than Hobbs Act *robbery*." (Doc. 168 at 23) (citing <u>Scheidler v. National Organization of Women, Inc</u>., 537 U.S. 393, 404-05 (2003); <u>United States v. Local 560 of the Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America</u>, 780 F.2d 267, 281 (3d Cir. 1986)). In any event, the court does not find Whiting's argument to be convincing. *See* <u>United States v. Walker</u>, 473 F.3d 71, 78 (3d Cir. 2007) ("Congress's 'overriding purpose' in passing Section 924(c) 'was to combat the increasing use of guns to commit federal felonies.' The chief sponsor of this provision explained that 'the provision seeks to persuade the man who is tempted to commit a Federal felony to leave his gun at home.'") (internal citations omitted). *See also* <u>Monroe</u>, 2021 WL 50161, *2 (the Third Circuit stated that "[defendants] use the wrong definition of physical force under §924(c)(3)(A)", and that "[t]he Supreme Court has concluded that 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person.'") (citations omitted).

Moreover, the Hobbs Act definition of "robbery" tracks the common law definition of robbery. As comparison, the government, (Doc. 168 at 25-26), explains as follows:

> In a recent case interpreting the elements clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(i), the Supreme Court

19

held that Florida's robbery statute met the common law definition of robbery. <u>Stokeling v. United States</u>, 139 S.Ct. 544 (2019). The Court found that common law robbery requires only so much force as may be necessary to overcome the resistance of the victim, no matter how slight that resistance might be. *Id.* at 550. Significantly, the Court went on to find that common law robbery falls within the elements clause of the ACCA predicate offense. *Id.* The Hobbs Act elements clause, 18 U.S.C. §924(c)(3)(A), tracks the ACCA's elements clause, 18 U.S.C. §924(e)(2)(B)(i). Since the Supreme Court found that common law robbery meets the elements clause for the ACCA, a more-than-fair inference can be drawn that Hobbs Act robbery also falls within the elements clause of Section 924(c)(3)(A).

As such, the court finds that Whiting was convicted of Hobbs Act robbery and that this offense is a crime of violence under elements clause, 18 U.S.C. §924(c)(3)(A). *See* <u>Monroe</u>, 2021 WL 50161, *2 ("When applying the appropriate 'fear of injury' definition outlined above to the correct definition of physical force, Hobbs Act robbery is clearly a crime of violence."); <u>Phillips v. United States</u>, 2021 WL 134389. Thus, post-<u>Davis</u>, Whiting's conviction and sentence on Count 3 remain valid.

In the alternative, Whiting argues that attempted Hobbs Act robbery or robbery based upon <u>Pinkerton</u> liability as charged in Count 3 do not qualify as a crime of violence. However, as explained above, and based on <u>Monroe</u>, 2021 WL 50161, *1-2, Whiting's §924(c) conviction was based on his involvement in the completed Hobbs Act robbery and his admission that he knew firearms would be used during the robbery at the Econo Lodge. As the government states, Count 3 did not rest on aiding and abetting or attempted

Hobbs Act robbery, nor did it rest on Pinkerton liability. *See* Pinkerton v. United States, 328 U.S. 640 (1946). In Pinkerton, the Supreme Court held that a defendant "may be held responsible for the substantive crimes committed by a co-conspirator in furtherance of the conspiracy, even if [he] neither participates in the crimes nor has any knowledge of them." Milan, 2020 WL 6682535, *4 n. 2 (quoting United States v. Gonzales, 918 F.2d 1129, 1135 (3d Cir. 1990)). Thus, the court need not consider these alternate contentions of Whiting.[4]

Thus, the court finds no merit to Whiting's claim in his §2255 motion and will deny his request to vacate his conviction and sentence on Count 3

---

[4]Even if the court considered Whiting's alternate arguments, it finds no merit to them. *See* United States v. McKelvey, 773 Fed.Appx. 74, 75 (3d Cir. 2019) (non-precedential) ("It does not matter whether [Defendant] was convicted as a principal or as an aider or abettor to Hobbs Act robbery because, under the aiding and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a principal."). As the court in Milan, 2020 WL 6682535, *4 n. 3, noted, "upon considering whether aiding and abetting Hobbs Act robbery met the statutory criteria for a crime of violence under Section 924(c)(3)(A), the McKelvey court reasoned that '[a]iding and abetting is not a separate crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'" *Id.* (citing 773 F. App'x at 75). "The [Third Circuit] thus concluded that a conviction for aiding and abetting a crime is treated the same as a conviction for the crime." *Id.* the Third Circuit then stated that "[b]ecause we have held that where a jury convicts a defendant of both Hobbs Act robbery and brandishing a gun, the Hobbs Act robbery conviction qualifies as a crime of violence under the elements clause, 18 U.S.C. §924(c)(3)(A)." 773 Fed.Appx. at 75 (citations omitted).

of the Indictment. The court also finds that Whiting is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. *See* Monroe, 2021 WL 50161, *1-2. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

## IV.    CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Whiting has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims. *See* Monroe, 2021 WL 50161, *1-2.

22

## V.     CONCLUSION

Based on the foregoing, the court **DENIES** Whiting's §2255 motion. **(Doc. 156)**. An appropriate order shall follow.

s/_Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 11, 2021**
16-64-02